IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barry L. Heyward, #248702,   )<br>                                              )<br>                   Petitioner,   )<br>                                              )<br>          v.                               )<br>                                              )<br>Stan Burtt, Warden of Lieber   )<br>Correctional Institution,         )<br>                                              )<br>                   Respondent.  )<br>_____) | C/A No. 8:07-0706-MBS-BMH<br><br>**OPINION AND<br>ORDER** |

Petitioner Barry L. Heyward is an inmate in the custody of the South Carolina Department of Corrections. He is currently incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions of 28 U.S.C. § 1915 and filed a Report and Recommendation on May 3, 2007. See Report and Recommendation (Entry 11). The Magistrate Judge recommended that Petitioner's complaint be summarily dismissed without prejudice and without issuance and service of process. Id. at 9. After having been granted an extension of time to respond, Petitioner filed objections to the Report and Recommendation on May 25, 2007. Objections to the Report (Entry 14).[1]

---

[1] Petitioner's response is styled as a "memorandum in support of a writ of habeas corpus and motion to motion therefor." Id. at 1. However, the "memorandum" is the only responsive document that Petitioner has filed in this matter since the Magistrate Judge filed the Report and Recommendation. As such, the court must liberally construe Petitioner's *pro se* response, see Hughes v. Rowe, 449 U.S. 5 (1980) (stating that the pleadings of *pro se* litigants are accorded liberal

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### FACTS

The facts and procedural history of this case are detailed in the Magistrate Judge's report. Report and Recommendation, 1-2. Briefly, on November 29, 2004, Petitioner pleaded guilty to kidnaping and assault and battery with intent to kill, for which he was sentenced to twenty years imprisonment. Petitioner did not file a direct appeal. On October 20, 2005, Petitioner filed an application for post-conviction relief ("PCR") in the Court of Common Pleas for Charleston County, asserting claims for ineffective assistance of counsel and due process violations. The PCR action, Barry L. Heyward #248702 v. South Carolina, No. 05-CP-4279, is still pending in the Court of Common Pleas. Petitioner's Answers to Court's Special Interrogatories, 1 (Entry 5). According to Petitioner, he has not received a hearing in the PCR action. Petitioner states that he "filed a writ of mandamus requiring the prosecutor to get [Petitioner] before the court in 30 day [sic] but they failed [to do so]. . . . They did respond to [Chief Justice] Jean Toal in the SC Supreme Court after [Petitioner] wrote her a letter asking her to intervene." Memorandum for Writ of Habeas Corpus,

---

construction); thus, the court has characterized the response as Petitioner's objections to the Report and Recommendation.

2 (Entry 1-2). Petitioner avers that the South Carolina Supreme Court "refused to intervene." Objections to the Report, 1.

Petitioner filed the instant petition on March 13, 2007. Petition for Writ of Habeas Corpus (Entry 1). Petitioner argues that he is entitled to habeas relief because the Court of Common Pleas "lack[s] subject matter jurisdiction [over his PCR application] due to being beyond the (365) day mandate as required by SC Rules of Court" and because the court did not issue a "written order to continue the case."[2] Memorandum for Writ of Habeas Corpus, 2. According to Petitioner, "[t]his writ for [sic] habeas corpus follows because Judge Toal is allowing this though [sic] the Court of Common Pleas lacks subject matter jurisdiction." Id.

**DISCUSSION**

The court has reviewed Petitioner's objections to the Report and Recommendation. Petitioner does not raise any objection to the Magistrate Judge's findings; rather, he simply repeats the allegations of his petition for habeas relief concerning the state court's alleged lack of subject matter jurisdiction. See, e.g., Objections to the Report, 1 ("With the Court of Common Pleas now lacking subject matter jurisdiction, for failure to be in compliance to rules of court and due process law, the Petitioner's issues are being addressed for the first time in this court. The Petitioner did

---

[2] Although Petitioner cites to the South Carolina Rules of Court, no such provision exists therein. The court assumes that Petitioner intended to reference a 1983 order issued by the South Carolina Supreme Court, which provides that "all common pleas cases in the State of South Carolina shall be disposed [of] within 365 days from the date of the filing of the initial complaint in each case. Provided, however, that the Circuit Court may continue a common pleas case beyond 365 days by written order stating the reasons therefor if the court determines that exceptional circumstances exist in the case." Order by Chief Justice J. Woodrow Lewis of the South Carolina Supreme Court dated Aug. 17, 1983.

make an attempt to contact the S.C. Supreme Court, but they refused to intervene."). Even if the court construed these statements as objections to the Report and Recommendation, at most, they would constitute the type of general and conclusory objections that do not warrant the court's response. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review).

The Magistrate Judge properly recommended that this action be dismissed because Petitioner had failed to exhaust all state court remedies. A § 2254 petitioner is required to exhaust all state court remedies before a federal court may review his claims. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court, shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c).

Here, the record indicates that Petitioner has not yet exhausted all available state court remedies. By Petitioner's own admission, his PCR application is still pending in the Court of Common Pleas. See Petitioner's Answers to Court's Special Interrogatories, 1 (stating that "the [state] court still has the case"). Further, should the Court of Common Pleas deny or dismiss Petitioner's PCR application, he must petition the South Carolina Supreme Court for writ of certiorari before he can seek federal review of any issues presented in his PCR application. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ("[A] federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . . To satisfy the exhaustion

requirement, a habeas petitioner must fairly present his claim to the state's highest court.") (internal citations omitted). Petitioner's failure to exhaust at least two viable state court remedies - his pending PCR application, and, if necessary, an appeal in the PCR case - precludes federal review.[3] Accordingly, Petitioner's claims must be dismissed for failure to exhaust state court remedies.

## CONCLUSION

After thoroughly reviewing the Report and Recommendation in its entirety and the applicable case law, the court finds no error in the Report and Recommendation. Accordingly, the court adopts the Report and Recommendation and incorporates it herein by reference. This case is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

July 6, 2007
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Petitioner is hereby notified that he has the right to appeal pursuant to**
**Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

---

[3] To the extent that Petitioner claims to have exhausted his state court remedies by "mak[ing] an attempt to contact the S.C. Supreme Court," see Objections to the Report, 1, his position lacks merit. Merely contacting the state's highest court does not constitute exhaustion. See Gray v Netherland, 518 U.S. 152, 162-63 (1996) (stating that, to satisfy the exhaustion requirement, a petitioner must present the "substance" of his federal habeas corpus claim to the state highest court by citing the applicable federal rule and describing the relevant facts).